Filed 7/14/26  Moving Oxnard Forward v. City of Oxnard CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| MOVING OXNARD FORWARD, INC., et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>CITY OF OXNARD et al.,<br><br>Defendants and Respondents;<br><br>OXNARD COMMUNITY DEVELOPMENT COMMISSION SUCCESSOR AGENCY et al.,<br><br>Real Parties in Interest. | 2d Civ. No. B338323<br>(Super. Ct. No. 56-2022-00573015-CU-JR-VTA)<br>(Ventura County) |

Appellants Moving Oxnard Forward, Inc. and Aaron Starr (collectively Appellants) appeal from the postjudgment order awarding respondents' (collectively the City of Oxnard or the

City) costs and denying Appellants' motion to strike and tax costs.  We affirm.

FACTS AND PROCEDURAL HISTORY

Appellants challenged the City of Oxnard's approval of lease revenue bonds to finance public capital improvements. Following judgment in favor of the City, the City filed a memorandum of costs, seeking $26,489.42.  The costs included attorneys and paralegals' labor costs for preparation of the administrative record.  The City attached detailed billing records from the law firm retained to represent the City.  These records included descriptions of tasks and dates when they were performed, the persons who billed for the tasks, and associated costs for each task.

Appellants moved to strike and tax costs, asserting the City's memorandum was untimely under California Rules of Court, rule[1] 3.1700(a)(1) and that the administrative record preparation costs were improper, excessive, or unreasonable.

The trial court held a hearing on the motion and denied the motion to tax costs.  It found the memorandum was filed late but found that any delay was not prejudicial and granted relief to allow it to be filed.  The court also found the preparation costs for the administrative record were "reasonable and necessary to the litigation of the matter."  Thus, it was reasonable for the City to pay attorneys and paralegals their labor costs for preparing the administrative record.  The court rejected Appellants' contention that recovery should be limited to one dollar per page, finding that amount "arbitrary and unrelated to the actual costs of record

---

[1] Further unspecified rule references are to the California Rules of Court.

preparation." The court awarded the City $26,489.42 in total costs.

## DISCUSSION

### 1. *Timeliness of the memorandum of costs*

Appellants contend the trial court prejudicially erred in awarding costs because the City failed to timely file its memorandum of costs after service of the notice of entry of judgment pursuant to rule 3.1700(a)(1). We are not persuaded.

We review the interpretation of a rule of court de novo. (*Cabrera v. Plager* (1987) 195 Cal.App.3d 606, 611.) Rule 3.1700(a)(1) provides: "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment or dismissal by the clerk . . . or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." The 15-day timeline for filing a costs memorandum is not jurisdictional. (See *Gunlock Corp. v. Walk on Water, Inc.* (1993) 15 Cal.App.4th 1301, 1304.)

But under rule 3.1700(b)(3), the parties may agree to extend these deadlines, or in "the absence of an agreement, the court may extend the times for serving and filing the costs memorandum or the notice of motion to strike or tax costs for a period not to exceed 30 days." "The rule does not require that the party expressly request the extension, or that the court specifically state that it granted the extension." (*Cardinal Health 301, Inc. v. Tyco Electronics Corp.* (2008) 169 Cal.App.4th 116, 155 (*Cardinal Health*).)

Here, the notice of entry of judgment was served on March 1, 2024. The City filed its memorandum of costs 19 days later on March 20, 2024. But even if the costs memorandum was

untimely under rule 3.1700(a)(1), the trial court exercised its discretion under rule 3.1700(b)(3) to extend the deadline and accept the City's costs memorandum filed four days late. This extension did not exceed 30 days.

Appellants filed their motion to strike and tax costs on April 3, 2024, and thus had the opportunity to challenge the costs motion. Appellants do not show how a four-day extension prejudiced them. Under these facts, there was no abuse of discretion. (See *Cardinal Health*, *supra*, 169 Cal.App.4th at p. 155 [no abuse of discretion where the extension did not result in prejudice]; *Hoover Community Hotel Development Corp. v. Thomson* (1985) 168 Cal.App.3d 485, 488 [trial courts have broad discretion in allowing relief from a late filing of a costs memorandum where there is no prejudice].)

Appellants nonetheless contend that an extension of the filing deadline required a showing of good cause to justify the extension. But neither the plain text of the California Rules of Court nor the relevant case law require a showing of good cause. (See *Cardinal Health*, *supra*, 169 Cal.App.4th at p. 155.) We cannot read such a requirement into the rules of court that does not appear therein. (Cf. *DeNike v. Mathew Enterprise, Inc.* (2022) 76 Cal.App.5th 371, 384.) There was no error in allowing the City to file its costs memorandum.

### 2. *Costs for preparation of the record*

Appellants also contend the costs award included attorney and paralegal labor costs that are not allowed under Code of Civil Procedure[2] section 1094.5, subdivision (a). They also contend the

---

[2] Further unspecified statutory references are to the Code of Civil Procedure.

4

costs are unreasonable.  We conclude there was no prejudicial error.

Section 1094.5, subdivision (a) provides "[e]xcept when otherwise prescribed by statute, the cost of preparing the record shall be borne by the petitioner" and "[i]f the expense of preparing all or any part of the record has been borne by the prevailing party, the expense shall be taxable as costs." "Whether a particular cost to prepare an administrative record was necessary and reasonable is an issue for the sound discretion of the trial court.  [Citations.]  Discretion is abused only when, in its exercise, the court 'exceeds the bounds of reason, all of the circumstances being considered.'  [Citation.]  The appellant has the burden of establishing an abuse of discretion."  (*River Valley Preservation Project v. Metropolitan Transit Development Bd.* (1995) 37 Cal.App.4th 154, 181 (*River Valley*).)

Courts have held that the costs to prepare an administrative record can include labor costs for attorneys and paralegals related to preparation of the administrative record. (*The Otay Ranch, L.P. v. County of San Diego* (2014) 230 Cal.App.4th 60, 70–71 (*Otay Ranch*); *No Toxic Air, Inc. v. Lehigh Southwest Cement Co.* (2016) 1 Cal.App.5th 1136, 1142 (*No Toxic Air*).)  In *Otay Ranch*, the trial court awarded over $37,000 in costs for preparation of an administrative record, which included over $30,000 in labor costs for the attorneys and paralegals. (*Otay Ranch*, at p. 66.)  The Court of Appeal affirmed the costs award and rejected the argument that the attorney and paralegal labor costs constituted "attorney fees" that were not recoverable under the statute.  Because of "the history and complexity of the project and how the documents were maintained," *Otay Ranch* concluded there was no abuse of discretion and that "the County

5

'did not have the resources or experienced personnel to prepare the [r]ecord,'" justifying the County's retained counsel and paralegals' preparation of the administrative record. (*Id.* at p. 70.) *Otay Ranch* also concluded there was "no reason to differentiate between those actual labor costs [of attorneys and paralegals] and actual labor costs for agency staff and document clerks to prepare an administrative record." (*Ibid.*) Nor was there a distinction between labor costs "incurred by individuals directly employed by a public agency and those incurred by individuals employed by a private law firm retained by the agency, so long as . . . the labor costs were reasonably and necessarily incurred for preparation of the administrative record." (*Ibid.*)

In *No Toxic Air*, the trial court found the attorneys and paralegals' labor costs to be reasonable and necessary, if not "'essential'" for an attorney to be involved in compiling the administrative record in that case. (*No Toxic Air*, *supra*, 1 Cal.App.5th at p. 1141.) But the trial court denied recovery of these labor costs because "there was no appellate authority allowing the recovery." (*Id.* at p. 1142.) The Court of Appeal reversed, holding, "labor costs for attorneys and paralegals to prepare the administrative record are recoverable as expenses under Code [of] Civil Procedure, section 1094.5, subdivision (a)." (*Ibid.*)

Like these cases, the trial court here found that attorney and paralegal labor costs for preparing the record was "reasonable" and "necessary." The administrative record consisted of seven volumes and almost 4,000 pages of documents, which included various lease agreements, bank documents, bond documents, resolutions, city council meeting minutes and

6

agendas, and numerous emails. To assemble the administrative record, it required the expertise of an attorney and paralegal with specific knowledge and a comprehensive understanding of the financing, approval, and issuance of lease revenue bonds. And it also required legal judgment to identify responsive records, review for privilege, organize the record, and certify its completeness. (See *Otay Ranch, supra*, 230 Cal.App.4th at pp. 65–69.) We conclude the trial court did not abuse its discretion by including attorney and paralegal labor incurred in preparing the administrative record as recoverable costs.

We also reject Appellants' contention that the costs were excessive, unreasonable, and unnecessary. If items on their face appear to be proper charges, a verified memorandum of costs is prima facie evidence of their propriety, and the burden is on the party seeking to tax costs to show they were not reasonable or necessary. But if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming the costs. (*Wagner Farms, Inc. v. Modesto Irrigation Dist.* (2006) 145 Cal.App.4th 765, 773–774 (*Wagner Farms*); *Jones v. Dumrichob* (1998) 63 Cal.App.4th 1258, 1266.)

Whether a cost item was reasonably necessary is a question of fact to be decided by the trial court, and its ultimate decision to award costs is reviewed for abuse of discretion. (*Wagner Farms, supra*, 145 Cal.App.4th at p. 774.) With respect to labor performed, or professional services rendered, "[t]he 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while [their] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49.)

Here, the trial court reviewed the costs memorandum and the detailed billing records supporting the City's request for attorney and paralegal labor costs incurred in preparing the administrative record. The court also reviewed Appellants' motion to strike and tax costs, including its line-by-line objections to individual cost items. The court stated that it "considered [Appellants'] objections to the individual items of the memorandum" and found "each is without merit." The court found "the charges for preparation for the record were reasonable and necessary to the litigation" and that the City's evidence "proves the actual costs incurred in preparing the record."

To the extent Appellants challenge specific billing entries, these challenges were raised below and rejected by the court. The trial judge, who presided over the entire case, was in the best position to determine whether each cost item listed in the memorandum of costs was necessary and whether the costs were reasonable. (*Adams v. Ford Motor Co.* (2011) 199 Cal.App.4th 1475, 1487.)

Nor have Appellants shown an abuse of discretion. The billing records specifically identify work performed by attorney Tanaka and paralegal McCoy. In our view, this amount does not reflect an amount " 'so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination.' " (*Acree v. General Motors Acceptance Corp.* (2001) 92 Cal.App.4th 385, 404, quoting *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134.) We cannot conclude the court's ruling exceeded the bounds of reason.

Appellants also contend the trial court erred by refusing to consider its per-page rate to determine reasonableness. While some courts have used a per-page cost comparison in their

8

analysis (see *Wagner Farms, supra*, 145 Cal.App.4th at p. 775), it is not required.  In finding the City's costs reasonable and necessary, the court based its decision on the City's evidence of the actual labor costs based on time and hourly rates to complete each task.  (See *River Valley, supra*, 37 Cal.App.4th at pp. 180–181 [court awarded actual labor costs based on hours and hourly rate with no mention of a per-page rate analysis].)  Given the complexity of the issues and work required to review, analyze, organize, compile, and certify the administrative record, no abuse of discretion has been shown.

DISPOSITION

The postjudgment order is affirmed.  Respondents shall recover costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

9

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Craig A. Sherman for Plaintiffs and Appellants.

Best Best & Krieger, Scott W. Ditfurth and Andrew G. Saghian for Defendants, Respondents and Real Parties in Interest.